UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY SHEPHERD HARRISON, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:03-cr-151<br><br>Honorable David W. McKeague<br><br>**ORDER** |

      Defendant has filed a "Motion to Correct Clerical Mistake Federal Rules of Civil Procedure 60(a)" (docket # 27) in which he points out an error in this court's order to expand the record dated May 20, 2005. The court's order to expand the record mistakenly stated that defendant had filed his motion to vacate, set aside or correct sentence *through counsel*, when in fact defendant is proceeding *pro se*. Accordingly, defendant's motion to correct clerical mistake is GRANTED and this court duly notes that defendant is not represented by counsel in this matter.

      Defendant has also moved for expedited consideration (docket # 28) of his pending motion for appointment of counsel (docket # 24). Indigent defendants moving for section 2255 relief have no constitutional right to a court-appointed attorney. *See United States v. Riley*, Nos. 01-4106, 01-4150, 01-4204, 2001 WL 1261926, at * 2 (4th Cir. Oct. 22, 2001); *United States v. Evans*, No. 94-5139, 1995 WL 139420, at * 1 (10th Cir. Mar. 31, 1995) ("There is no constitutional right to appointment of counsel in a 2255 proceeding. . . .")*; Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965); *see also Bennett v.*

*United States*, 97 CR 639, 2004 WL 2711064, at * 6 (S.D.N.Y. Nov. 23, 2004); *United States v. McMillon*, Nos. 04-2315-JWL, 02-20062-01-JWL, 2004 WL 2660641, at * 1 n.1 (D. Kan. Nov. 19, 2004); *accord Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2255 CASES; *see Williams v. United States*, No. 98-3409, 1999 WL 506991, at * 1 (6th Cir. June 10, 1999); *Stern v. United States*, No. 92-4013, 1993 WL 87429, at * 1 (6th Cir. Mar. 25, 1993); *accord Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001); *United States v. Iasiello*, 166 F.3d 212, 214 (3d Cir. 1999).

The court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of defendant's position. Defendant's motion for appointment of counsel (docket # 24) is therefore DENIED. The court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

DONE AND ORDERED this 6th day of June, 2005.

/s/  Joseph G. Scoville
United States Magistrate Judge