UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  File No. 1:03-CR-151

v.

                                  HON. ROBERT HOLMES BELL

LARRY SHEPHERD HARRISON,

        Defendant.
                                      /

**O P I N I O N**

This matter comes before the Court on Defendant Larry Harrison's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 22, 2004.

**I.**

On December 23, 2003, Defendant entered a plea of guilty in this Court to one count of possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). On March 22, 2004, he was sentenced to 138 months in prison and a $3,200 fine. Defendant did not appeal his sentence. He filed the instant motion to vacate, set aside, or correct sentence on April 22, 2005.[1]

---

[1] Under Sixth Circuit precedent, Defendant's motion is deemed filed when handed to prison authorities for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)); *see also Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Defendant dated his motion on April 22, 2005, and it was received

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

---

by the Court on April 27, 2005. Thus, it must have been handed to prison officials for mailing at some time between April 22 and 27. For purposes of this case, the Court has given Defendant the benefit of the earliest possible filing date.

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998). Since the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. NO. 104-132, 110 STAT. 1214(1996), § 2255 motions have been subject to a one-year limitation period. "Prior to the Act, no statute of limitations governed requests for federal habeas corpus or § 2255 habeas-like relief." *Clay v. United States*, 537 U.S. 522, 525 (2003).

As amended, § 2255 ¶ 6 states as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final, pursuant to § 2255 ¶ 6(1). In the instant case, the decision became final on April 5, 2004, ten days after the entry of the judgment of conviction, when the time for filing a notice of appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Defendant's motion was not filed until April 22, 2005. His motion therefore was not timely under § 2255 ¶ 6(1).

The one-year limitation period applicable to § 2255 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court set forth the applicable standard for determining entitlement to equitable tolling of the statute of limitations adopted by the AEDPA. The

Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant argues that he is entitled to equitable tolling of the statute of limitations because he directed his attorney to file an appeal and erroneously but reasonably believed the appeal was pending until sometime after March 17, 2005, when his mother came into the office of the Clerk of this Court to obtain copies of his docket entries. He avers that he subsequently received the materials mailed by his mother but he was unable to conduct research or prepare his motion until April 4, 2005, because the facility was on "lock-down" status until that date. He contends that counsel's failure to file the appeal as directed constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.

To the extent Defendant places the blame for his untimeliness on his attorney, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *See Stanley v. McKune*, 133 Fed. Appx. 479, 480 (10th Cir. 2005) (attorney failure to file allegedly requested appeal cannot support equitable tolling). *See also Elliot v. DeWitt*, 10 Fed. Appx. 311 (6th Cir. 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000);

5

*Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).  In the instant case, Defendant's explanation that he relied on defense counsel to file an appeal does not explain Defendant's own neglect in failing to inquire as to the status of his appeal significantly earlier.  That neither Defendant nor his mother did not make a simple inquiry with this Court or the Sixth Circuit until nearly the entire year expired demonstrates an extreme lack of diligence, especially in light of Defendant's averments that his attorney was not responding to his inquiries as early as November 2004.

Moreover, as a factual matter, Defendant's claim that he told his attorney to file an appeal and believed his attorney had done so is wholly incredible on the record of this case.  Attorney Sappanas' detailed affidavit explicitly refutes Defendant's claim that he asked Sappanas to file an appeal.  Counsel further avers that he provided the appeal documents to Defendant at the time of sentencing and advised Defendant to contact him immediately if he had questions.  (Resp. Br. Ex. 2, ¶ 14.)  Moreover, Defendant was advised on the record at sentencing that a notice of appeal had to be filed within ten days of the judgment of conviction.  Yet Defendant, not having received a copy of such notice or other communication from his attorney, purports to have believed that the appeal was filed for nearly a year.  In addition, the contract entered into between Defendant and his attorney expressly and clearly stated that the agreement between them covered only the proceedings in the trial court, excluding re-trials and appeals.  (Resp. Br. Ex. 3, at 1.)  Therefore, absent

further discussions, Defendant had no reason to anticipate that he had retained his trial court attorney to represent him on appeal.

Counsel also avers that he was in contact with Defendant and his family on multiple occasions. In fact, on November 29, 2004, Defendant sent the following letter to defense counsel:

> Dear Mr. Sappanas:
>
> As you can remember, you recently represented me in a federal criminal case which was resolved in a guilty plea.
>
> Please RUSH me the following documents pertaining to my conviction and sentence.
>
> *   My Pleas [sic] Agreement;
> *   Plea Hearing or Rule 11, and Sentencing Transcripts;
> *   Any other discovery materials in your possession.
>
> If I don't receive the foregoing documents on or before **December 15, 2004**, I'll be force[d] to petition the Michigan Bar Association. Thank you.

(Govt. Resp. Ex. 5, at 1.) In the first sentence of the letter, Defendant took the time to remind counsel of who Defendant is, strongly indicating that he did not believe Mr. Sappanas was representing him on appeal. The second paragraph of the letter requests only discovery, plea and sentencing materials, not appeal materials. This paragraph strongly indicates that Defendant did not expect his attorney to possess such materials. Taken as a whole, the letter demonstrates that, when he wrote his letter November 29, 2004, Defendant clearly was aware that attorney Sappanas was not representing him on appeal. Moreover, counsel responded three weeks later, providing all of the requested materials in the attorney's possession,

itemizing the 18 different items enclosed with the letter, none of which included an appellate document.

In sum, the record is abundantly clear that Defendant's claim that he believed counsel had filed an appeal is not credible. In addition, even had Defendant been under that misapprehension for some time, he unquestionably was aware by November 2004 that no such appeal had been filed. Finally, even were Defendant's allegations credible, Defendant was under a legal obligation to pay attention to the course of his appeal, which he made no attempt to do until March 2004. For all these reasons, Defendant has failed to demonstrate the requisite diligence entitling him to equitable tolling. As a result, his motion, filed more than one year after his conviction was final, is time-barred.

## IV.

The files and records in this case conclusively show that the Defendant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied as time-barred. An order consistent with this opinion will be entered.

Dated:     October 12, 2005           /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE